HEARD NOVEMBER TERM, 1873.

## MOORE *vs.* RICHARDSON.

Inconsistency between the findings of fact and conclusions of law in the judgment of a Referee affirmed by the Circuit Court, is sufficient ground for setting the judgment aside.

BEFORE GREEN, J., AT MANNING, OCTOBER TERM, 1873.

Action by John B. Moore and William R. Flud, against William H. B. Richardson and James B. Richardson, to recover the possession of real estate, described in the complaint as a plantation known as Birch Hill, containing 2,900 acres of land, lying in Clarendon, bounded, &c., [stating the boundaries].

All the issues were referred to a Referee, who filed a judgment as follows:

"I find upon the facts:

"1st. That on the 11th of October, 1869, Thomas W. Arlege, then Sheriff of Clarendon County, levied upon the plantation described

in the complaint as the property of the said William H. B. Richardson, under writs of *fieri facias* against him, duly issued from the Court of Common Pleas for said County, under judgments against said defendant.

"2d. That said plantation was advertised for sale by said Sheriff, on the first Monday in November, 1869, and was sold by said Sheriff on that day to the plaintiffs, at the price of five dollars, and that the said Sheriff, by his deed of release, dated the first day of November, 1869, did convey the said plantation, as the property of the said William H. B. Richardson, to the plaintiffs.

"3d. That a creek running towards the west, on which there was a mill and mill pond, divides said plantation into two parts, the part lying north of said pond, and the swamp of said creek, containing about two hundred and fifty acres of land.

"4th. That in the year 1850 the said William H. B. Richardson made a verbal gift of said two hundred and fifty acres of land to the said James B. Richardson, and in the year 1856 the said James B. Richardson entered into the actual occupation of a portion or portions of the same, and has occupied such portion or portions from thence hitherto under said gift.

"5th. That at the commencement of this action the said William H. B. Richardson was in the possession of the said plantation, with the exception of the portion or portions occupied by the said James B. Richardson as aforesaid, and has withheld the possession of the same from the plaintiffs, and that the damages for such withholding of the possession are one hundred dollars.

"6th. That no trespass on said plantation has been committed by the said James B. Richardson, and he has not occupied the same, or any part thereof, except the portion or portions occupied by him under said gift as hereinbefore set forth.

"Upon the law—

"7th. That the plaintiffs are entitled to recover from the said William H. B. Richardson the possession of the said plantation, and also the damages aforesaid.

"8th. That the said James B. Richardson acquired title by adverse possession to such portion or portions of said plantation north of said mill pond and swamp as have been occupied by him.

"It is, therefore, adjudged that the plaintiffs recover of the said William H. B. Richardson the possession of the said plantation and one hundred dollars for the withholding of the same.

" And it is further adjudged that the complaint be dismissed as against the said James B. Richardson.

" No survey or plat of the plantation was given in evidence by either party, and without a plat designating the portion or portions occupied by the said James B. Richardson, and the boundaries of the part of said plantation claimed under the said gift, it is impossible for me to describe the part or parts of said plantation to which the said James B. Richardson acquired title by adverse possession. That matter I am compelled to leave undecided."

The defendant, William H. B. Richardson, excepted to the report on the facts on the grounds :

1st. Because no notice is taken in the report of the sale made under the plaintiff's *fi. fa.*, at which the lands sued for were bid off for Dr. M. S. Moore, trustee.

2d. Because no mention is made in the said report of the agreement made between John B. Moore and defendant, W. H. B. Richardson, prior to the sale, that the said sale should not be final between them.

3d. Because the said Referee has failed to report, on facts of this case, that the advertisement under which the sale was made was altered after the first insertion of the same, and did not appear three times after such alterations.

And, on the law, on the ground :

That the said plaintiffs are entitled to recover the said plantation from the defendant, W. H. B. Richardson, is respectfully submitted to be an error of law.

His Honor, the presiding Judge, overruled the exceptions, and ordered that the report stand as the decision of the Court.

William H. B. Richardson appealed upon the following grounds :

1st. Because said judgment is inconsistent with itself, inconclusive, uncertain, indefinite, and remitted the parties to new law suits to determine its meaning.

2d. Because, before the confirmation of the report of the Referee in this case, the plat was produced in Court, showing the boundaries of that portion of the tract described in the testimony as that portion given to James B. Richardson ; and His Honor Judge Green was requested to recommit the cause to the Referee, in order that the boundaries might be defined to which the respondents might be entitled.

Which request His Honor refused to grant.

3d. Because said report should not have been confirmed, there being no conclusions submitted by the Referee in relation to the purchase by M. S. Moore, trustee, nor the agreement made between the respondents and the appellant, touching such sale.

4th. Because His Honor held that it was the duty of the Referee to report upon only such facts as he deemed material, and, in this case, the Court regarded it as immaterial whether the advertisement was changed or not, under which the respondents purchased.

5th. Because the seventh clause of the report of the Referee, confirmed by the Court, is inconsistent with the eighth clause of the said report, and is illegal and void.

6th. Because the Referee failed to report upon the absence of the writ of *fieri facias* in the case under which the land was supposed to be sold, also upon the prior sale to M. S. Moore, trustee; also, upon the agreement between respondents and appellant, prior to said sale. Wherefore such report should have been recommitted, and should not have been confirmed.

*Moise*, for appellant.

*Blanding, Richardson & Rhame*, contra.

March 20, 1874. The opinion of the Court was delivered by

WRIGHT, A. J. The case must be remanded to the Circuit Court. The judgment does not follow the conclusion of fact as found and reported by the Referee. The action was against W. H. B. Richardson and J. B. Richardson, for the recovery of real estate. It was clearly established by the evidence, and so held by the Referee, that the title to a portion of the land set out in the complaint, and sought to be recovered by the respondents, was defined by the proof as lying north of a certain creek, was vested in the said J. B. Richardson, and that he had committed no trespass on any of the land sued for outside of his own boundaries. The Referee, while dismissing the complaint as to the said J. B. Richardson, nevertheless adjudges "that the plaintiff recover of the said W. H. B. Richardson the possession of the whole plantation and one hundred dollars for the withholding of the same." The judgment seems to be inconsistent with itself, for while it dismisses the complaint as to J. B. Richardson, it in fact not only establishes the right to his land in respondents, but requires the appellant, W. H. B. Richardson, to

pay to the respondents "one hundred dollars for withholding the same," thus compensating them for the withholding of land, to which the report finds they had no title, and which had not been in the possession of the said W. H. B. Richardson. While the error thus charged by the appellant, W. H. B. Richardson, is good ground for his motion, notwithstanding no appeal by the said J. B. Richardson, it may not be out of place to refer to the consequences which would follow from the judgment as it stands. It adjudges to the respondents a recovery of the whole plantation, not excepting the portion to which it is found they have no title. Under a writ of *habere facias possessionem* the Sheriff would be bound to put the respondents in possession of the premises, and, also, to turn out all who are in possession.—*Ex Parte Black*, 2 Bail., 8.

Thus, although J. B. Richardson was found to be the lawful owner of a portion of the very plantation, he would be liable to be ejected from the possession of his own property, and turned over to new and further litigation to obtain the very right which the judgment in his favor establishes.

The judgment, as against the said W. H. B. Richardson, is set aside, and the case remanded to the Circuit Court.

*Moses*, C. J., and *Willard*, A. J., concurred.